[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence June 10, 1994 Date of Application Date Application Filed June 22, 1994 Date of Decision June 27, 1995
CT Page 8664
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Gina Ianucci, Esq., Defense Counsel, for Petitioner.
Eva Lenczewski, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After pleas of guilty, petitioner was convicted of the crimes of conspiracy to commit robbery in the first degree, in violation of Connecticut General Statutes §§ 53a-134(a)(2), 53a-48 and conspiracy to commit burglary in the first degree, in violation of Connecticut General Statutes §§ 53a-101(a)(1), 53a-48. As a result of such conviction, petitioner was sentenced to concurrent terms of twenty years with the execution suspended after eight years with three years probation. Probation included conditions which provided for drug and alcohol treatment.
The facts underlying petitioner's conviction indicate that on April 24, 1993, petitioner, in company with two other men, made an illegal entry into a private residence through an unlocked sliding door in the rear of the house. Petitioner and his associates cut the telephone lines into the house. The four residents of the house were awakened by the intruders. The seventy-two year old homeowner and his sixty-seven year old wife were awakened by the intruders who pointed a gun at them and threatened to shoot demanding money. The intruders were wearing dark clothing with hooded sweatshirts. The couple was maced by the perpetrators who also maced their thirty-two year old disabled son.
In the course of committing the crime, damage was caused to the premises and cash together with items of personal property were stolen.
Petitioner's attorney argued for a reduction in sentence. She pointed out that petitioner was only seventeen years of age at CT Page 8665 the time and had no criminal record. He had an unfortunate family life, his mother being a drug addict. Despite this, it was pointed out that petitioner was enrolled in school and had a good academic record. The attorney also pointed out that petitioner fully accepted responsibility for his participation in this crime. She stated that petitioner was high on drugs and did not participate in the planning of the crime. He merely went along with it but did bring a BB Gun which was used merely to threatened the victims. The attorney stated that petitioner cooperated fully with the police in this matter. She argued that under the circumstances the sentence was excessive and should be reduced to the minimum sentence applicable under the law.
Speaking on his own behalf, petitioner stated that he was sorry for the crime and would take it all back if he could. He stated that he wished it had never happened, and requested a reduction in his sentence.
The State's attorney argued against any reduction in sentence. She repeated the facts underlying the conviction and pointed out that the victim's in this case were terrorized in their own home by the intrusion of petitioner and his associates. The disabled son of the family was maced and the elderly couple were particularly frightened upon being confronted with a pistol which they heard being cocked. The attorney also pointed out that petitioner and his associates wore hooded sweatshirts, were masked and wore gloves. She stated that the case against petitioner was particularly strong, and that he had not cooperated in a pretrial alternative incarceration program.
The State's attorney argued that the sentence was fair, was less than that authorized under the plea agreement, and less than that requested by the State.
In imposing sentence, the court took into consideration petitioner's prior accomplishments and his lack of criminal involvement. The court also took into consideration the seriousness of the offenses for which petitioner had been convicted.
Although petitioner had no prior criminal record, the offenses which he participated in here were of a most serious nature. He, together with his cohorts, entered a private home and terrorized the elderly and disabled residents. This is an offense which merits a substantial sentence. The sentence CT Page 8666 imposed here was less than that authorized by statute and well within the parameters of the plea agreement. It cannot be found that the sentence was inappropriate or disproportionate in light of the nature of the offense. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.